**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


John F. Chagnon

    v.                              Civil No. 11-cv-461-JD

United States Department
of Veterans Affairs,
Secretary Eric K. Shinseki


**REPORT AND RECOMMENDATION**

Pro se plaintiff, John Chagnon, has filed a complaint (doc.
no. 1) asserting that defendant, United States Department of
Veterans Affairs ("VA") Secretary Eric Shinseki and certain VA
employees and officials, including Abner Concepcion, Manager of
the Boston Veterans Affairs Regional Office ("VARO"), have
treated Chagnon negligently and abusively, in connection with
the processing and denial of Chagnon's veterans benefits claim
for Post-Traumatic Stress Disorder ("PTSD"), and in causing
Chagnon's supplemental security income ("SSI") disability
payments to be reduced in 2010 and 2011.  Because Chagnon is
proceeding pro se and in forma pauperis, the matter is before
the court for preliminary review.  See 28 U.S.C. § 1915(e);

United States District Court for the District of New Hampshire
Local Rule ("LR") 4.3(d)(1)(B).[1]

Standard of Review

Under LR 4.3(d)(1)(B), when an in forma pauperis plaintiff
commences an action pro se, the magistrate judge conducts a
preliminary review.  The magistrate judge may issue a report and
recommendation after the initial review, recommending that
claims be dismissed if the court lacks subject matter
jurisdiction, the defendant is immune from the relief sought,
the complaint fails to state a claim upon which relief may be
granted, the allegation of poverty is untrue, or the action is
frivolous or malicious.  See 28 U.S.C. § 1915(e)(2); LR
4.3(d)(1)(B).

In conducting a preliminary review, the magistrate judge
construes pro se pleadings liberally, to avoid inappropriately
stringent rules and unnecessary dismissals.  See Erickson v.
Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle

---

[1] Chagnon has filed a separate case in this court asserting
essentially the same facts and claims, Chagnon v. U.S. Dep't of
Veterans Affairs, 11-CV-484-PB.  Simultaneously with this report
and recommendation, the court is issuing another report and
recommendation, recommending dismissal of the other complaint
and denial of a motion for a preliminary injunction pending in
that case, as well as an order directing that the cases be
consolidated, unless the parties file an objection within
fourteen days.

v. Gamble, 429 U.S. 97, 106 (1976), to construe pleadings liberally in favor of pro se party); Castro v. United States, 540 U.S. 375, 381 (2003).

To determine if the complaint states any claim upon which relief could be granted, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6). The court decides whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009).

To make this determination, the court employs a two-pronged approach. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). The court first screens the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (citations, internal quotation marks and alterations omitted). A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed. Id. The second part of the test requires the court to credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then to determine if the claim is plausible. Id. The plausibility

requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). The "make-or-break standard" is that those allegations and inferences, taken as true, "must state a plausible, not a merely conceivable, case for relief."  Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at 555-56 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (internal citations and footnote omitted)).

Evaluating the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at ___, 129 S. Ct. at 1950 (citation omitted).  In doing so, the court may not disregard properly pleaded factual allegations or "attempt to forecast a plaintiff's likelihood of success on the merits."  Ocasio-Hernández, 640 F.3d at 13.  "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint."  Id.

Background

Chagnon is a Vietnam-era veteran.  During his military service, Chagnon served as a counselor to Marines returning to the United States in 1962 and 1963.  Chagnon asserts that he suffered a service-related disability, PTSD, at that time.

Chagnon asserts that from 1971 to 2011, individuals associated with the VA in New Hampshire, Boston, Florida, Virginia, and Vermont destroyed or withheld relevant records from Chagnon; failed to respond to Chagnon's complaints and requests for information; and failed to publish pertinent rules regarding claims for PTSD benefits.  Chagnon asserts that, from 1988 through October 5, 2009, Boston VARO managers, including defendant Concepcion, destroyed or withheld certain medical and service records from Chagnon so that Chagnon's benefits claim would be denied.

Chagnon claims that Concepcion: (a) failed to respond to Chagnon's emails, phone calls, and letters of complaint; (b) appointed an "unprofessional" VA doctor to deny Chagnon's PTSD claim; (c) failed to publish and follow pertinent VA rules; and (d) failed to process Chagnon's claim expeditiously, as directed by the Board of Veterans' Appeals ("BVA").  Chagnon has also specifically asserted that between September 2010 and May 2011,

defendant Concepcion put in place a plan to take away a portion of Chagnon's SSI benefits which caused Chagnon's monthly SSI payment to drop from $902 per month to $766 per month from January through May 2011.  Chagnon asserts that the reason Concepcion failed to follow VA rules was that he was not properly supervised.

At some point, Chagnon filed a claim for veteran's benefits for his PTSD.  After the Boston VARO denied Chagnon's claim, Chagnon filed an appeal with the BVA.  The BVA remanded the matter in August 2010, directing the VARO on remand to obtain a medical opinion regarding Chagnon's PTSD and its service connection, and further directed that the matter be processed expeditiously.

In response to that remand, Concepcion arranged for Chagnon to be examined by Dr. Harland, a VA physician.  The VARO denied the claim again, based on Dr. Harland's report, and the matter was recertified to the BVA.  Chagnon asserts in the motion for a preliminary injunction (doc. no. 3) that Dr. Harland's examination of him was unprofessional, and that her report was deficient in a number of respects.

On September 12, 2011, upon finding that Dr. Harland's report lacked a pertinent medical opinion regarding whether

Chagnon's psychosis was related to his military service, the BVA
remanded the matter for a second time.  The Board directed the
VARO to obtain a medical opinion relating to Chagnon's claim.
Chagnon's remanded administrative claim remained pending at the
time this action was initially filed.  In a memorandum (doc. no.
7), filed by defendants in the related case, Case No. 11-cv-484-
PB, the VA notified this court that a medical opinion has since
been obtained, and that the VARO denied the benefits claim again
on November 23, 2011.  The VA expected that the matter would be
certified to the BVA for its consideration in December 2011.

<u>Claims</u>

Construed liberally, Chagnon's complaint asserts the
following claims[2]:

> 1.  Defendant Concepcion is liable to Chagnon for
> violating Chagnon's Fifth Amendment right to due process,
> under the doctrine set forth in <u>Bivens v. Six Unknown
> Agents of the Fed. Narcotics Bureau</u>, 403 U.S. 388 (1971),
> in that, with an intent to deny Chagnon veterans benefits,
> Concepcion:  (a) destroyed or withheld from Chagnon certain
> medical and service records; (b) failed to respond to
> Chagnon's requests and letters of complaint; (c) appointed
> an "unprofessional" VA doctor and submitted a deficient
> medical report on Chagnon's PTSD claim; and (d) failed to

---

[2]The claims identified here shall be construed to be the
claims asserted in this case for all purposes.  If plaintiff
disagrees with this identification of his claims, he must file a
timely objection to this report and recommendation or properly
seek to amend the complaint.

follow VA rules and directives of the BVA regarding
Chagnon's PTSD benefit claim.

2.    Defendant Concepcion is liable to Chagnon, under
the doctrine set forth in Bivens v. Six Unknown Agents of
the Fed. Narcotics Bureau, 403 U.S. 388 (1971), for causing
the Boston VARO to reduce Chagnon's monthly SSI payments in
2010 and 2011.

3.    The United States is liable to Chagnon under the
Federal Tort Claims Act ("FTCA"), in that (a) Concepcion
engaged in fraud, deceit, abuse, malpractice, and
negligence in denying Chagnon veterans benefits and in
delaying the processing of his benefits claim; (b)
Concepcion caused the Boston VARO to reduce Chagnon's
monthly SSI payment in 2010 and 2011; and (c) Concepcion
was not supervised properly, to ensure that he followed VA
rules and directives of the BVA regarding Chagnon's PTSD
benefits claim.

## Discussion

### I.   VA Disability Benefits

Congress has created a comprehensive scheme for providing

monetary benefits to veterans.  See, e.g., 38 U.S.C. § 1110

(disability compensation).  Veterans seeking compensation for

service-related disabilities may file claims in the VAROs.

Pursuant to the Veterans Claims Assistance Act, 38 U.S.C.

§ 5103, the VA has a duty to assist a veteran in developing

evidence to support a claim.  Once all relevant evidence has

been gathered, a rating specialist determines if the disability

is service connected and, if so, assigns a disability rating.

See 38 C.F.R. §§ 4.1, 4.2, 4.6.

II.  <u>Judicial Review of Veterans Benefits Claims</u>

Congress has established a multi-tiered system of administrative and judicial review of veterans benefits claims, pursuant to the Veterans Judicial Review Act ("VJRA").  That system does not allow for federal district court review of a VARO determination to deny benefits to an individual.  <u>See</u> <u>Philippeaux v. United States</u>, No. 10-cv-6143(NRB), 2011 WL 4472064, *4-*5 (S.D.N.Y. Sept. 27, 2011).  In enacting the VJRA, Congress divested all courts of jurisdiction to review individual benefit claims determinations, except as specified in the VJRA.  <u>See</u> 38 U.S.C. § 511(a) ("The [VA] Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits . . . . [T]he decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed . . . by any court," except as specified in VJRA).

> Specifically, the VJRA provides that determinations of the regional offices of the VA may be appealed to the Board of Veterans' Appeals . . . whose decisions are then reviewable exclusively by the [Court of Appeals of Veterans' Claims ("CAVC")], an Article I court established by the VJRA.  <u>See</u> 38 U.S.C. §§ 7104, 7251, 7252(a).  Decisions of the [CAVC] are in turn appealable to the United States Court of Appeals for the Federal Circuit.  <u>Id.</u> §§ 7292(a), (c).  The judgment of the Federal Circuit Court of Appeals is

then subject to review in the United States Supreme
Court by writ of certiorari.  Id. § 7292(c).

. . .  [T]he VJRA "precludes [direct] judicial review
in Article III courts of VA decisions affecting the
provision of veterans' benefits," and "[t]he exclusive
avenue for redress of veterans' benefits
determinations is appeal to the [CAVC] and from there
to the United States Court of Appeals for the Federal
Circuit."

Philippeaux, 2011 WL 4472064 at *4-*5 (footnote and citations

omitted).

     In reviewing decisions of the BVA, the CAVC has juris-

diction to adjudicate legal issues, including constitutional

claims.  See 38 U.S.C. § 7261(a)(1).  The Federal Circuit

similarly may "decide all relevant questions of law," including

claims of constitutional violations.  See 38 U.S.C.

§ 7292(d)(1).  A claim that the processing of a veteran's

benefits application has been unreasonably delayed may be

litigated through a mandamus action or other action filed in the

CAVC.  See 38 U.S.C. § 7261(a)(2); Beamon v. Brown, 125 F.3d

965, 968 (6th Cir. 1997); cf. Harvey v. Shinseki, 24 Vet. App.

284, 288-89 (CAVC 2011) (ancillary to its jurisdictional

authority to remedy unreasonable delays in processing of

veterans' claims, CAVC may sanction VA Secretary for failing to

act expeditiously upon remand).  But see Veterans for Common

Sense v. Shinseki, 644 F.3d 845, 882 (9th Cir. May 10, 2011)

(stating, in dicta, that CAVC would lack jurisdiction over individual claims of unconstitutional delays in processing veterans' benefits applications), vacated, reh'g en banc granted, 663 F.3d 1033 (9th Cir. Nov. 16, 2011) (panel opinion may no longer be cited as precedent in 9th Circuit).

In Beamon, the Sixth Circuit determined that section 511(a) of the VJRA vests exclusive jurisdiction in the CAVC over a veteran's claim that the processing of his application for benefits has been unreasonably delayed.  See Beamon, 125 F.3d at 971 (CAVC has exclusive jurisdiction to remedy statutory and constitutional claims asserting that VA decisions on individual benefits applications have been unreasonably or unlawfully delayed).  A divided panel of the Ninth Circuit disagreed with Beamon.  See Veterans for Common Sense, 644 F.3d at 882.  The majority opinion in that case is no longer good law, insofar as a petition for rehearing en banc has been granted.  The court finds persuasive the reasoning of the Sixth Circuit in Beamon and that outlined by Judge Kozinski in his dissent from the Ninth Circuit's panel majority in Veterans for Common Sense. The court recommends that that reasoning be applied here. Accordingly, this court should find that the CAVC has exclusive jurisdiction over Chagnon's claims relating to the VA's handling

of his claim for PTSD benefits.  See Beamon, 125 F.3d at 971 (to adjudicate due process unreasonable delay claim in processing individual veteran's application for benefits, district court would have to review VA's handling of claim and decisions rendered by VARO and BVA, which is the "type of review [that] falls within the exclusive jurisdiction of the [CAVC]" (citing 38 U.S.C. § 7252(a) (CAVC "shall have exclusive jurisdiction to review decisions" of BVA))); see also Veterans for Common Sense, 644 F.3d at 891-98 (Kozinski, C.J., dissenting in part).  To the extent that Chagnon seeks review of the Boston VARO's denial of his benefits claim, or asks that a court issue an injunction to expedite the processing of his claim, the courts with jurisdiction to order relief are those specified in the VJRA. This court lacks jurisdiction over those claims, and they should be dismissed without prejudice to refiling in the CAVC.

III. Bivens

     Under Bivens, "the Supreme Court established a right of individuals to sue individual federal agents for damages for unconstitutional conduct in violation of the Fourth Amendment." Mehrkens v. Blank, 556 F.3d 865, 869 (8th Cir. 2009) (citing Bivens, 403 U.S. at 389).  The courts have extended that holding

to encompass certain other types of constitutional torts, but not all claims of violations of constitutional rights by federal agents give rise to cognizable Bivens claims.  See Minneci v. Pollard, No. 10-1104, ___ U.S. ___, ___, 2012 WL 43511, *4-*6 (U.S. Jan. 10, 2012) (citing cases).  The Supreme Court has declined to recognize a cause of action under Bivens if:  (1) an "alternative, existing process for protecting" the constitutional right or interest "amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages," and (2) if there are "special factors counseling hesitation before authorizing a new kind of federal litigation."  Minneci, ___ U.S. at ___, 2012 WL 43511, at *4 (quoting Wilkie v. Robbins, 551 U.S. 537, 550 (2007)) (internal quotation marks and citation omitted).

    A.   PTSD Benefits

    In light of the VJRA's comprehensive remedial structure, and the lack of district court jurisdiction over decisions amounting to the denial of a claim, courts have generally declined to recognize a Bivens cause of action for a veteran's claim against VA employees relating to claims processing, delays, and denials.  See Mehrkens, 556 F.3d at 870 (no Bivens claim is cognizable in suit filed by veteran against VA

officials for alleged constitutional violations committed while handling benefits claims); accord Thomas, 394 F.3d at 975; Hicks v. Small, 69 F.3d 967, 969 (9th Cir. 1995); Zuspann v. Brown, 60 F.3d 1156, 1160-61 (5th Cir. 1995); Sugrue v. Derwinski, 26 F.3d 8, 12-13 (2d Cir. 1994).  Accordingly, this court should dismiss Chagnon's Bivens claims relating to his claims for PTSD benefits.

  B. SSI Benefits

  Chagnon has also asserted in a Bivens claim that Concepcion and others in the Boston VARO stole a portion of Chagnon's SSI benefits, thereby violating his right to substantive due process.  It is doubtful whether such a claim is cognizable. See Schweiker v. Chilicky, 487 U.S. 412, 414 (1988) (no Bivens due process claim for denial of social security benefits was available against officials who administered social security benefits programs).  However, even presuming that such a claim could be cognizable, the factual allegations in Chagnon's complaint are insufficient to state a plausible claim upon which relief can be granted.

  The Due Process Clause has both substantive and procedural components.  Pagan v. Calderon, 448 F.3d 16, 32 (1st Cir. 2006). "The constitutional guarantee of substantive due process

'functions to protect individuals from particularly offensive actions on the part of government officials.'" <u>Gonzalez-Droz v. Gonzalez-Colon</u>, 660 F.3d 1, 15-16 (1st Cir. 2011) (citation omitted).  "The plaintiff bears the burden of showing that the challenged actions were 'so egregious as to shock the conscience.  To sink to this level, the challenged conduct must be 'truly outrageous, uncivilized, and intolerable.'"  <u>Id.</u> at 16 (citations omitted).

Stripped of the legal conclusion that the Boston VARO "stole" his SSI funds, the complaint asserts, in a conclusory manner, that Concepcion engineered a plan to have the VA reduce Chagnon's monthly SSI check from $902 to $766, from January through May 2011, which caused Chagnon to suffer financial hardship and to fall behind on his June 2011 rent and other monthly bills.  Those sparse allegations fail to state a plausible claim that Concepcion engaged in conduct that was unauthorized, let alone outrageous, uncivilized, or conscience-shocking.  Therefore, Chagnon has failed to state a plausible claim that his substantive due process rights were violated, relating to the reduction in his SSI benefits.  Accordingly, that claim should be dismissed.

IV.  <u>Federal Tort Claims Act</u>

"The FTCA waives the sovereign immunity of the United States with respect to tort claims, <u>see</u> 28 U.S.C. § 2674, and provides the exclusive remedy to compensate for a federal employee's tortious acts committed within his or her scope of employment."  <u>Roman v. Townsend</u>, 224 F.3d 24, 27 (1st Cir. 2000).

To the extent that the FTCA claim relates to the alleged mishandling of Chagnon's PTSD benefits, resolution of the claim would require this court to determine whether VA officials acted properly with respect to Chagnon's benefits claim.  As discussed above, § 511(a) of VJRA precludes such an inquiry into matters decided by the Secretary, and this court therefore lacks jurisdiction over the FTCA claim.  <u>See</u> 38 U.S.C. § 511(a); <u>Price v. United States</u>, 228 F.3d 420, 422 (D.C. Cir. 2000); <u>Weaver v. United States</u>, 98 F.3d 518, 520 (10th Cir. 1996) (district court lacked jurisdiction over claims alleging that VA officials engaged in fraud, conspiracy, and misrepresentation, in denying plaintiff's benefits claim; such claims were, "in substance, nothing more than a challenge to the underlying benefits decision").

16

To the extent that the FTCA claims are not dependent on this court's review of issues within the exclusive jurisdiction of the Secretary or the courts, as specified in the VJRA, the claims must be dismissed for several additional reasons. First, Chagnon has failed to name the United States as a defendant, and he has failed to show that he satisfied the administrative claims requirements set forth in the FTCA. See Roman, 224 F.3d at 27. Dismissal is appropriate for both of those reasons.

Moreover, the FTCA provides only a limited waiver of sovereign immunity. See id. Excluded from the waiver are tort claims based on a federal employee's misrepresentation or deceit. See 28 U.S.C. § 2680(h). This exception precludes the claims filed by Chagnon that allege willful or negligent concealment of pertinent VA rules and improper withholding or destruction of records. See Philippeaux, 2011 WL 4472064, at *5 (veteran's claims of spoliation, destruction of records, and concealment fall within "misrepresentation" and "deceit" exceptions to FTCA (citations omitted)). Therefore, to the extent Chagnon has intended to state tort claims against the United States under the FTCA, those claims should be dismissed.

V.    Defendant Shinseki

Chagnon has named VA Secretary Shinseki as a defendant, in asserting that Concepcion was not properly supervised.  A cause of action against the United States for a federal official's negligent supervision of a federal employee might be viable in a particular case, see Redondo-Borges v. U.S. Dep't of Hous. & Urban Dev., 421 F.3d 1, 7 (1st Cir. 2005), but this is not such a case.  Chagnon has not specifically named the United States as a defendant, nor has he alleged any facts showing that he has satisfied the FTCA's administrative claim prerequisites.  Furthermore, even if the court were to construe the complaint to have named the United States as a defendant, the facts alleged are too conclusory to state a plausible claim of negligent supervision. Accordingly, any FTCA claim intended to be asserted against Shinseki should be dismissed.


VI.  Claims of Other Veterans

In the complaint, Chagnon alleges that other veterans have had problems similar to his in seeking PTSD disability benefits. Chagnon, as a pro se party, is not generally permitted to raise the claims or represent the interests of third parties. Pursuant to federal law and this Court's local rules, parties to

18

a federal lawsuit cannot be represented by anyone other than themselves or a member of the bar. See 28 U.S.C. § 1654 (parties can plead and conduct "their own cases" in federal court); see also LR 83.2(d) ("Persons who are not members of the bar . . . will be allowed to appear before this court only on their own behalf."). Accordingly, to the extent Chagnon is intending to assert claims on behalf of other veterans, the claims should be dismissed.

## Conclusion

For the foregoing reasons, the complaint (doc. no. 1) should be dismissed in its entirety, without prejudice to Chagnon's filing an action or appeal in the CAVC, challenging the VA's handling of his claim for PTSD benefits.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, ___ U.S. ___, 80 U.S.L.W. 3397 (U.S. Jan. 9, 2012) (No. 11-7382); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues

fairly raised by objections to magistrate judge's report are
subject to review by district court; issues not preserved by
such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

January 31, 2012

cc:  John F. Chagnon, pro se
     Gretchen Leah Witt, Esq.

LBM:nmd

20