```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

John F. Chagnon

    v.                                       Civil No. 11-cv-474-PB

Abner Concepcion et al.

### REPORT AND RECOMMENDATION

Pro se plaintiff, John Chagnon, has filed a complaint (doc. no. 1), and an addendum thereto (doc. no. 4), naming Eric Shinseki, Secretary, United States Department of Veterans Affairs ("VA"), as a defendant, and asserting that Abner Concepcion, manager of the Boston Veterans Affairs Regional Office ("VARO"), and other VA employees and officials, have treated Chagnon negligently and abusively, in connection with the VARO's processing and denial of Chagnon's veterans benefits claim for Post-Traumatic Stress Disorder ("PTSD"), and in causing Chagnon's supplemental security income ("SSI") disability payments to be reduced in 2010 and 2011.  Because Chagnon is proceeding pro se and in forma pauperis, the matter is before the court for preliminary review.  See 28 U.S.C.

§ 1915(e); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

I.  Related Case

Chagnon has filed a separate case in this court asserting essentially the same facts and claims, Chagnon v. U.S. Dep't of Veterans Affairs, 11-cv-461-JD (Compl. filed Sept. 29, 2011). This court has issued on this date an order directing that the cases be consolidated.  This court has also filed on this date a report and recommendation, recommending that Case No. 11-cv-461-JD be dismissed.  That report and recommendation, which is attached hereto as Exhibit A, is incorporated herein by reference in its entirety.

Construed liberally, Chagnon's complaint (doc. no. 1) asserts the following claims[1]:

> 1.   Defendant Concepcion is liable to Chagnon for violating Chagnon's Fifth Amendment right to due process, under the doctrine set forth in Bivens v. Six Unknown Agents of the Fed. Narcotics Bureau, 403 U.S. 388(1971), in that, with an intent to deny Chagnon veterans benefits, Concepcion:  (a) destroyed or withheld from Chagnon certain medical and service records; (b) failed to respond to Chagnon's requests and letters of complaint; (c) appointed

---

[1]The claims identified here shall be construed to be the claims asserted in this case for all purposes.  If plaintiff disagrees with this identification of his claims, he must file a timely objection to this report and recommendation or properly seek to amend the complaint.

2

an "unprofessional" VA doctor and submitted a deficient medical report on Chagnon's PTSD claim; and (d) failed to follow VA rules and directives of the BVA regarding Chagnon's PTSD benefit claim.

    2.   Defendant Concepcion is liable to Chagnon, under the doctrine set forth in Bivens v. Six Unknown Agents of the Fed. Narcotics Bureau, 403 U.S. 388(1971), for causing the Boston VARO to reduce Chagnon's monthly SSI payments in 2010 and 2011.

    3.   The United States is liable to Chagnon under the Federal Tort Claims Act ("FTCA"), in that (a) Concepcion engaged in fraud, deceit, abuse, malpractice, and negligence in denying Chagnon veterans benefits and in delaying the processing of his benefits claim; (b) Concepcion caused the Boston VARO to reduce Chagnon's monthly SSI payment in 2010 and 2011; and (c) Concepcion was not supervised properly, to ensure that he followed VA rules and directives of the BVA regarding Chagnon's PTSD benefits claim.

## II. Dismissal of Case

The claims and facts asserted in the complaint filed in this case and in the related case are the same. Therefore, the court finds that the disposition of both cases should be the same. Accordingly, for reasons stated in Exhibit A, as to Case No. 11-cv-461-JD, all claims asserted in this case should be dismissed.

III. Motion for Preliminary Injunction

    A.    Background

Also pending at this time here is Chagnon's motion for a preliminary injunction (doc. no. 3). The district judge referred the motion to this magistrate judge for proposed findings of fact and rulings of law, and a recommendation regarding the motion's disposition. See Order (doc. no. 5).

In the motion (doc. no. 3), Chagnon seeks an order that would, among other things, expedite the VA's processing of his claim for PTSD benefits, expedite and specify certain conditions for a follow-up medical examination of Chagnon, and prevent certain VA employees and a specific VA doctor from having further involvement with Chagnon's claim for PTSD benefits. Pursuant to this court's order (doc. no. 6), the VA filed a limited response to that motion (doc. nos. 7 and 8), addressing jurisdictional issues and reporting on the status of Chagnon's claim for PTSD benefits.

The VA has notified this court that a follow-up medical examination of Chagnon has occurred, and that the VARO again denied Chagnon's claim for benefits on November 23, 2011. The VA has indicated that proceedings on Chagnon's claim for benefits remain ongoing, as the VA anticipated certifying the

matter to the Board of Veterans Appeals for its review in December 2011.

### B. Proposed Findings and Recommendation

To obtain preliminary injunctive relief, a plaintiff must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. NRDC, Inc., 555 U.S. 7, 20 (2008). The burden of proof on a motion for preliminary injunction is on the movant. See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006). The "likelihood of success [on the merits] is the sine qua non of preliminary injunctive relief." McGuire v. Reilly, 260 F.3d 36, 51 (1st Cir. 2001).

Here, Chagnon has failed to show that he is likely to prevail on the merits in this court on any of the claims he has asserted. In summary, for reasons stated fully in Exhibit A, this court lacks jurisdiction to review Chagnon's claims challenging the VA's handling of his claim for PTSD benefits; Chagnon's claims regarding his SSI benefits are insufficiently pleaded to state a plausible claim upon which relief can be granted; and the remaining claims should be dismissed for lack

of jurisdiction and for failure to state a claim upon which relief can be granted. Accordingly, the motion for a preliminary injunction (doc. no. 3) should be denied.

## Conclusion

The district judge should enter findings consistent with this report and with Exhibit A attached hereto, and should deny the motion for a preliminary injunction (doc. no. 3) on the papers. For reasons stated in this report and in Exhibit A, the court should dismiss this case without prejudice to Chagnon's filing an action or appeal in the Court of Appeals for Veterans' Claims, challenging the VA's handling of his claim for PTSD benefits.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, ___ U.S. ___, 80 U.S.L.W. 3397 (U.S. Jan. 9, 2012) (No. 11-7382); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are


Case 1:11-cv-00461-JD   Document 12   Filed 04/03/12   Page 7 of 7

subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

January 31, 2012

cc:  John F. Chagnon, pro se
     Gretchen Leah Witt, Esq.

LBM:nmd

